IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR RODRIGUEZ | : | CRIMINAL NO. 98-cr-362-12 |
| v. | : | |
| TROY LEVI | : | CIVIL ACTION NO. 07-cv-4194 |

## MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) addresses the right of all persons in state or federal custody to file a petition in a federal court seeking the issuance of a writ of habeas corpus. In AEDPA, Congress provided that a petitioner in custody pursuant to a federal sentence may seek a writ of habeas corpus pursuant to 28 U.S.C. §2255 (not 28 U.S.C. §2241) for constitutional[1] attacks on the imposition of a federal conviction or sentence.  Okereke v. United States, 307 F.3d 117 (3d Cir. 2002); Cradle v. United States ex rel Miner, 290 F.3d 536 (3d Cir. 2002); In Re: Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  The fact that relief pursuant to 28 U.S.C. § 2255 may possibly be barred pursuant to AEDPA's second or successive rule does not mean that an alternate route to this type of relief is available pursuant to 28 U.S.C. § 2241.  Relief under § 2241 is available for federal prisoners only where a petitioner can show that § 2255 is "inadequate or ineffective" because "a limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Okereke, 307 F.3d at 120; see also In Re: Dorsainvil, 119 F.3d at 251 (finding such circumstances where petitioner claimed an intervening change in law rendered the conduct for

---

[1]For brevity's sake, the term "constitutional" hereinafter refers not only to attacks on alleged violations of the Constitution, but also to attacks based on alleged violations of federal statutes and treaties involving the United States.

which petitioner was convicted no longer criminal).

By means of AEDPA, Congress also created a series of intentionally restrictive gatekeeping conditions which must be satisfied for a prisoner to prevail in his petition seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2255.  One such condition is AEDPA's strict and short one-year statute of limitations. Another is AEDPA's "second or successive rule," which generally forbids a litigant from filing a 28 U.S.C. § 2255 habeas petition if a court has previously dismissed with prejudice a § 2255 petition filed by the litigant attacking the same federal conviction or sentence (unless the litigant receives permission to file the petition from the Court of Appeals).

Petitioner was convicted and sentenced by this court in 98-cr-362-12.  On October 5, 2007, petitioner filed the instant petition in this court, labeled 07-cv-4194 by the Clerk of this Court, seeking habeas relief pursuant to AEDPA.  This petition claims that the statutes that were used to convict petitioner were never enacted into positive law, and as such are unconstitutional. This claim, alleging that his conviction and sentence violate rights guaranteed under the Fifth Amendment to the United States Constitution, falls within the purview of 28 U.S.C. § 2255.

Petitioner has filed a previous petition in this court seeking habeas corpus relief pursuant to 28 U.S.C. § 2255, which attacked the same federal conviction and/or sentence, and which is still an ongoing case.  *See* Criminal No. 98-cr-362-12, Docket # 1002.

However, unlike in 04-cv-5942, petitioner in the instant matter purports to seek habeas corpus relief from his federal custody pursuant to 28 U.S.C. § 2241 rather than § 2255.  Since petitioner attacks the constitutionality of the imposition of the conviction and sentence of imprisonment upon him, his petition seeks relief that is only available pursuant to 28 U.S.C. §

2255, not 28 U.S.C. § 2241.  <u>Okereke v. United States</u>, 307 F.3d 117 (3d Cir. 2003); <u>United States v. Dorsainvil</u>, 119 F.3d 245 (3d Cir. 1997).  (Petitioner does not claim that any exceptional circumstances exist so as to render § 2255 an inadequate or ineffective remedy, nor are any such circumstances apparent.)

Under <u>USA v. Miller</u>, 197 F.3d 644 (3d Cir. 1999), this court may not re-characterize such a document that is purportedly seeking 28 U.S.C. § 2241 relief as a 28 U.S.C. § 2255 petition without first:

1. notifying the petitioner that the court believes it is really a § 2255 petition purporting to be something else; and

2. warning the petitioner of all of the ramifications of AEDPA (including, but not limited to, the AEDPA statute of limitations, as well as the "second or successive" rule created by AEDPA); and,

3. getting permission from the prisoner to re-characterize the petition as a 28 U.S.C. § 2255 petition; and,

4. informing the petitioner that he also has the option to voluntarily withdraw his submission.

Assuming petitioner chooses to file the petition as a petition under 28 U.S.C. § 2255, pursuant to Local Civil Rule 9.3(a) and Rule 2 of the Rules Governing 28 U.S.C. § 2255 Proceedings in the United States District Courts, the petition must be filed with the requisite standard 28 U.S.C. § 2255 form, prescribed by this court, effective December 1, 2004.

Accordingly, this 17th day of January, 2008, it is hereby **ORDERED** as follows:

1. The Clerk of Court shall furnish petitioner with (1) a blank copy of this court's

current standard form for filing a petition under 28 U.S.C. § 2255, bearing the above-captioned civil action number, and (2) copies of sections 2241, 2244, and 2255 of title 28 of the United States Code.

2.	Petitioner shall notify this court within thirty (30) days whether he consents to the reclassification of 07-cv-4194 as a 28 U.S.C. § 2255 petition, and, if he does consent to such reclassification, he shall complete the enclosed 28 U.S.C. § 2255 form and return it to this court.

3.	Petitioner is placed on notice that if he declines to consent to reclassification, and instead chooses that the petition filed under case number 07-cv-4194 proceed as a 28 U.S.C. § 2241 petition, that petition shall be dismissed without prejudice for seeking relief that is not available pursuant to 28 U.S.C. § 2241.

4.	Petitioner is placed on notice that if he does not respond to this Order within thirty (30) days, the petition filed under case number 07-cv-4194 shall be dismissed without prejudice for seeking relief that is not available pursuant to 28 U.S.C. § 2241.

/s/ Pollak, J.

Pollak, J.